LILJEBERG, J.,
Dissents with Reasons.
hi have considered the majority’s decision and must respectfully dissent therefrom. While I agree that the defendants’ first Motion for New Trial was not premature or untimely filed, this motion was subsequently dismissed. It is true that the trial judge indicated in open court that the motion was continued without date, not dismissed. However, the trial judge later signed a written judgment dismissing the Motion for New Trial, which, in my view, prevails over a transcript.
If defendants had timely sought review from this Court from the February 2, 2012 judgment dismissing the Motion for New Trial, I would have agreed that the matter should be reversed due to the disparity between the transcript and the judgment. However, after receiving a copy of the February 2, 2012 judgment, defendants did not seek review from this Court. Therefore, I believe that the terms of the judgment dismissing the Motion for New Trial became final.
Additionally, even if the Motion to ReSet Motion for New Trial were to be construed as a newly filed Motion for New Trial, I do not believe it was timely. While the majority notes that the Motion to Reset Motion for New Trial was filed on July 20, 2012, which was two days after service of the default judgment on David Cain, Shane Dufrene was also a registered agent for service of process and he had been served with the default judgment on June 14, 2012.
| ^Accordingly, because defendants did not seek review of the judgment dismissing their first Motion for New Trial, and defendants’ Motion to Reset Motion for New Trial cannot be construed as a timely filed Motion for New Trial, I believe that the trial judge correctly denied defendants’ Motion for New Trial as untimely, and I would affirm this judgment.